FILED
SUPERIOR COURT

2012 OCT 31 AM 8: 54

CLERK OF COURT
BY:_____

## IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM,                          )
                                         )      **CRIMINAL CASE NO. CF461-12**
            vs.                          )
                                         )
                                         )
MAYCAN MARTIN JAMES,                     )      **DECISION AND ORDER**
                                         )
            Defendant.                   )
                                         )
                                         )
_____)

This matter came before the Honorable James L. Canto II on Defendant's motion to compel discovery, filed September 10, 2012. Oral arguments were heard on October 8, 2012. Assistant Attorney General Nicolas Barrett, Esq. appeared on behalf of the Government and Assistant Public Defender Rebecca Warfield, Esq. represented the Defendant. Having considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order.

The Court expresses its ruling in concert with the format Defendant adopts in his *Reply to People's Response to Defendant's Motion to Compel Discovery*, filed October 2, 2012 (hereinafter "Def. Reply"), wherein Defendant details fourteen (14) specific areas or items of discovery of which Defendant moves to compel disclosure by the Government.

<u>Def. Reply 1</u> -- Defendant does not specifically request anything not already provided to him. If any further statements or waivers by Defendant are offered by Prosecution in the future that are not timely disclosed to Defendant before trial, then any such documents will be excluded at trial.

<u>Def. Reply 2</u> -- Court orders *in camera* review of any pertinent CPS file, if it exists, and said file shall be delivered to Court within 3 days of issuance of this Order, for the Court to review *in camera* and determine what items are discoverable, if any.

<u>Def. Reply 3</u> -- Prosecution is ordered to exercise due diligence to determine whether any chain of custody record exists and which Prosecution intends to introduce at trial. If no disclosure is timely made before trial, then any such document will be excluded at trial.

<u>Def. Reply 4</u> -- Prosecution is reminded of its ongoing duty to disclose in accordance with *People v. Laxamana*, 2001 Guam 26.

<u>Def. Reply 5</u> -- Prosecution is ordered to disclose any recording or memorialization of a statement or statements made by alleged victim to any agent of the Government, whether it be mechanically recorded, digitally recorded, or manually recorded in the form of a manual writing. Any work product included in any such recording, etc. may be redacted by Prosecution before disclosure.

<u>Def. Reply 6</u> -- Prosecution filed a witness list on September 12, 2012, detailing all their percipient witnesses. In their response to motion, filed September 21, 2012, Prosecution relied upon this witness list in response to Defense's request for disclosure of any medical examination reports. Thus Prosecution implies they do not have any medical examination reports or percipient witnesses associated with any such medical examination of the alleged victim. Thus if Prosecution offers any such report or witness at trial, it will be excluded. At the hearing held October 8, 2012, it was determined that the person who filled out the "Department of Public Health and Social Services Form" was a typist clerk from the Attorney General's Office who filled out the blank form upon the intake processing of the alleged victim, in order to satisfy the Office's statutory mandate to refer the matter to CPS. Defense agreed on the record this clerk typist was not material to the case as a possible witness.

<u>Def. Reply 7</u> -- Defense requests this Court order Prosecution to exercise due diligence to discover the existence of "Any documents, recordings or writings which pertain to these charges and which are in the possession of the alleged victim, his family, or any other known witness". Defense fails to provide authority for the disclosure of any writings "which pertain to these charges", much less any authority for the proposition that the Attorney General is compelled to investigate private citizens in this regard and wrest from them any such writings. Accordingly, the Court denies this vague request.

Def. Reply 8 – There is no #8 listed by Defense in its Reply memorandum.

Def. Reply 9 -- Pursuant to 8 GCA §70.10(a)(3), Prosecution is ordered to disclose any report or statement of an expert, which that expert may have made in connection with this particular case, including results of physical or mental examination, scientific tests, experiments or comparisons. Any such report, etc. not disclosed in a timely manner before trial will be excluded at trial. Further, per 8 GCA §70.10(a)(5), Prosecution is ordered to disclose any record of prior criminal convictions of any of Prosecution's percipient witnesses.

Def. Reply 10 -- Pursuant to 8 GCA § 70.10(a)(7), Prosecution is ordered to provide Defendant with any writing or audio, visual, or digital recording made of any statement by any witness Prosecution intends to call at trial, which stands in contradiction to any other statement made by the same potential witness to any agent of the Government, regardless of whether the initial statement is recorded or reflected in writing. Prosecution is permitted to redact any portion of said recorded statement that would reasonably be considered "work product" or mental notes of the recording party, as opposed to a quote or summary of the percipient witness' contradictory statement. If the initial statement by the percipient witness is recorded, written, or memorialized in writing by another, and the Government is in possession of said initial statement, that statement shall also be provided to Defense in addition to the recording/memorialization of the subsequent contradicting statement.

Def. Reply 11 -- Title 8 GCA § 70.10(a)(7) requires Prosecution to exercise due diligence to discover and obtain statements within its possession or control which tend to reduce Defendant's potential punishment for the crime(s) charged. However, Defendant's allegation that "witnesses have made statements indicating that prosecution of this case should be terminated" fails to qualify under this section, since it is unclear who the unnamed "witnesses" are and what relationship they have to the case which might persuade a sentencing court to take such statements into account. Any obligation upon Prosecution to exercise due diligence to uncover such statements does not exist elsewhere in Chapter 70 of Title 8 either.

Def. Reply 12 -- Pursuant to 8 GCA §70.10(a)(4), Prosecution is ordered to disclose any book, paper, document, photograph or tangible object, with the prosecuting attorney intends to

use in the trial or which was obtained from or belonged to the defendant. Any aforementioned item not disclosed in a timely manner before trial will be excluded at trial.

Def. Reply 13 -- An *in camera* review of any confidential Child Protective Services records related to the alleged minor victim under 19 GCA § 13210(b)(2) is consistent with 8 GCA § 70.35 and constitutional principles of due process. *See Pennsylvania v. Ritchie*, 480 U.S. 39, 59-61, 107 S.Ct. 989, 1002-1003 (1987). Accordingly, pursuant to 19 GCA § 13210(b)(2) and 8 GCA § 70.35, the Office of the Attorney General is ordered to produce under seal to this Court any and all Child Protective Services records related to the alleged minor victim, and the Court shall review the confidential CPS records in camera and release any exculpatory evidence material to the fairness of the trial. Further, Prosecution is subject to its continuing duties to disclose as directed by *Brady v. Maryland*, 373 U.S. 83 (1963).

Def. Reply 14 -- The Court denies Defendant's request to adopt the holding of *United States v. Henthorn*, 931 F.2d 29 (9th Cir.1991), and instead this Court adopts the threshold materiality showing required in *United States v. Driscoll*, 970 F.2d 1472, 1482 (6th Cir.1992), *cert. denied* 506 U.S. 1083, 113 S.Ct. 1056 (1993); *United States v. Andrus*, 775 F.2d 825, 843 (7th Cir.1985); *United States v. Bertoli*, 854 F.Supp. 975, 1039-41 (D.N.J.1994), *aff'd in part and vacated in part on other grounds*, 40 F.3d 1384 (3d Cir.1994); as well as the rationale of *United States v. Quinn*, 123 F.3d 1415, 1421-22 (11th Cir.1997). In accordance with the above cases, Defendant fails to show sufficient materiality to support his request and is thus denied.

**Jury Selection and Trial will commence November 14, 2012 at 9:00 a.m. Pretrial Conference will occur November 6, 2012 at 9:00 a.m. Hearing on all *in limine* motions will occur November 9, 2012 at 2:00 p.m.**

**SO ORDERED** this _31st_ day of October, 2012.

I do hereby certify that the foregoing is a full, true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam. Dated at Hagåtña, Guam.

OCT 3 1 2012

Joseph N. Bamba
Deputy Clerk, Superior Court of Guam

**HON. JAMES L. CANTO II**
**Judge, Superior Court of Guam**